IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

IN RE:
                              *

MINH VU HOANG
THANH HOANG                 *
         Debtors                          Bankruptcy No. 05-21078-TJC
                              *              Bankruptcy No. 05-25738-TJC

                              *              Jointly Administered Under
                                            Bankruptcy No. 05-21078-TJC
                      *      *      *      *      *

GARY A. ROSEN, TRUSTEE
One Church Street, Suite 802      *
Rockville, Maryland 20850
                              *

            Plaintiff/Trustee             
                              *

     vs.                              
                              *

SIBELIUS, LLC
7915 Jensen Place               *
Bethesda, Maryland 20817
SERVE:                         *
Alexander Khanh Anh Le, Resident Agent
9812 Falls Road, No. 114-221     *
Potomac, Maryland 20854
         and                      *
EDITH D. PURDIE
8603 Milford Avenue           *
Silver Spring, Maryland 20910
         and                      *
CONCORD HOUSE CONDOMINIUM
SERVE ON:                   *
CRAIG B. ZALLER, AGENT
Nagle & Zaller, P.C.            *
7226 Lee Deforest Drive
Suite 102                     *
Columbia, Maryland 21046
                              *

           Defendants

**COMPLAINT FOR DECLARATORY RELIEF, TURNOVER OF PROPERTY AND FOR SALE OF PROPERTY FREE AND CLEAR OF CLAIMS AND INTERESTS**

COMES NOW, Gary A. Rosen, Trustee, by and through his undersigned counsel, and in support of his *Complaint for Declaratory Relief, Turnover of Property, and for Sale of Property Free and Clear of Claims and Interests,* respectfully states the following:

### Jurisdiction and Venue

1.  This Court has jurisdiction over this adversary proceeding pursuant to the provisions of 28 U.S.C. § 1334, 28 U.S.C. § 157 and U.S. District Court Local Rule No. 402.  Further, this adversary proceeding is a "core proceeding" pursuant to the provisions of 28 U.S.C. § 157(b)(2)(A), (E) (N) and (O).  Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

### Parties

2.  On May 10, 2005, the Debtor Minh Vu Hoang filed her Voluntary Petition under Chapter 11 of the Bankruptcy Code in Case No. 05-21078-NVA (the "Minh Case") and an Order for Relief thereupon was entered.  By Order of this Court entered October 28, 2005, said Chapter 11 proceedings were converted to a case under Chapter 7 of the Bankruptcy Code.

3.  On July 12, 2005, the debtor Thanh Hoang filed his Voluntary Petition under Chapter 11 of the Bankruptcy Code in Case No. 05-25738-NVA (the "Thanh Case") and an Order for Relief thereupon was entered.  By Order of this Court entered September 22, 2005, said Chapter 11 proceedings were converted to a case under Chapter 7 of the Bankruptcy Code.

4.  By Order entered August 31, 2005 in the case of Minh Vu Hoang, the Plaintiff Gary A. Rosen was appointed Chapter 11 Trustee therein.  By further Order entered August 31, 2005, the Plaintiff Gary A. Rosen was appointed Chapter 7 Trustee therein.

5.  By Order entered September 23, 2005 in the case of Thanh Hoang, the Plaintiff Gary A. Rosen was appointed Chapter 7 Trustee therein.

6.  By Order entered September 28, 2005 in both of the above cases, this Court Ordered joint administration of the instant proceedings under Case No. 05-21078-NVA.

7.  The Defendant Sibelius, LLC (hereinafter "Sibelius") is a limited liability company organized and existing under the laws of the State of Maryland with business address as noted in caption hereof.[1]

8.  The Defendant Edith D. Purdie (hereinafter "Purdie") is an adult resident of the State of Maryland whose last known residential address is in the above caption hereof.

9.  The Defendant Concord House Condominium is a condominium association located in Howard County, Maryland whose agent maintains a business office at that address noted in the caption hereof.  The said Defendant is a lien holder pursuant to that *Statement of Lien* recorded among the Land Records of Howard County, Maryland at Liber 10910, folio 198 (a copy of said *Statement of Lien* is attached hereto and incorporated by reference herein as "Exhibit 4").

---

[1] Sibelius was organized on February 7, 2006 by Minh Vu Hoang.  See copy of *Articles of Organization* attached hereto and incorporated by reference herein as "Exhibit 1." Interestingly, on September 7, 2006 the Resident Agent of Sibelius was changed from Minh Vu Hoang to "Alexander Khanh Anh Le."  See copy of *Resolution to Change Principal Officer/Resident Agent* attached hereto and incorporated by reference herein as "Exhibit 2." Further, your Trustee's investigation has uncovered two (2) Operating Agreements for Sibelius.  The first, dated November 25, 2005 names Minh Vu Hoang as the "single member;" the second, dated February 7, 2006 names Himnou Abdoulaye as the managing member and Minh Vu Hoang as a non-voting member.  See copies of both *Operating Agreements* attached hereto and collectively incorporated by reference herein as "Exhibit 3."

**Facts Common to All Counts**

*Overview of Factual Background of Complaint*

10.  As hereinafter detailed, the instant *Complaint* reviews the subterfuge of the Debtor Minh Vu Hoang, her family members, business associates and related entities in the laundering and conversion of substantial property and monies belonging to the Debtors Minh Vu Hoang and Thanh Hoang and their related and controlled entities into property purchased at public auction by the Defendant Sibelius.  Specifically, during the pendency of the instant bankruptcy proceedings, the Debtor Minh Vu Hoang has caused tens of thousands of dollars of monies controlled and owned by the Bankruptcy Estates herein to be utilized for the purchase of certain improved real property located at 10850 Green Mountain Circle, Unit 416, Columbia, Maryland  21044 (hereinafter "Green Mountain").  Following the purchase of Green Mountain, the Debtor Minh Vu Hoang, acting through her family members, associates, and related business entities, has sought to disguise her interest in said property by fraudulently encumbering Green Mountain with a sham purchase money deed of trust.

*The Purchase of Green Mountain*

11.  On or about July 12, 2005, Thomas P. Dore, Mark S. Devan, Michael T. Page, Jennifer Matthews Herring, Yona T. Openden, Substitute Trustees, employed by or associated with the law firm of Covahey, Boozer, Devan & Dore, P.A. (hereinafter individually and collectively referred to as "Covahey") caused Green Mountain to be sold at public auction sale in connection with those foreclosure proceedings then pending in the Circuit Court for Howard County, Maryland and captioned as *Thomas P. Dore, et al., Substitute Trustees, Plaintiffs v. Elisabeth Skalli, Defendant* (Civil No. 13-C-05-63628 in

4

the Circuit Court for Howard County, Maryland).

12.   At the sale conducted as aforesaid, Sibelius, represented by the Debtor Minh Vu Hoang, in the stated capacity of "Agent," was the successful bidder for Green Mountain with a high bid of $105,000.00.  See *Contract of Sale at Public Auction* dated November 30, 2005 attached hereto and collectively incorporated by reference herein as "Exhibit 5."

13.   As set forth the in the *Advertisement of Sale* for Green Mountain, the deposit required to be paid by the successful purchaser was in the amount of $12,000.00.  See *Advertisement of Sale* attached to Exhibit 5.  Sibelius, acting through Minh Vu Hoang, tendered a deposit unto Covahey in the aggregate amount of $12,000.00.  Said deposit tendered by Sibelius for Green Mountain was comprised of the following:

A.   BB&T Official Check No. 7530172 dated November 30, 2005 in the amount of $10,000.00 payable to "Alex Le or Minh Vu Hoang" ("Green Mountain Deposit Instrument No. 1").[2]  See copy of Green Mountain Deposit Instrument No. 1 attached hereto and incorporated by reference herein as "Exhibit 6."

B.   Cash in the amount of $2,000.00.  ("Green Mountain Deposit Instrument No. 2").

## Green Mountain Deposit Instrument No. 1

14.   Examination of Green Mountain Deposit Instrument No. 1 reveals that the same is an official check issued by BB&T on November 30, 2005 in the amount of $10,000.00 and payable to "Alex Le or Minh Vu Hoang."

---

[2] Your Trustee notes that Alex Le is the known agent and confederate of Minh Vu Hoang in the conduct of her business affairs and those of various Vu family entities.

15.  On its face, said check in the amount of $10,000.00 is the property of the Estates of Minh Vu Hoang and Thanh Hoang.

16.  All of the monies represented by Green Mountain Deposit Instrument No. 1 are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang and the proceeds thereof are the property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang.  None of the monies evidenced by Green Mountain Deposit Instrument No. 1 are the property of the Defendants herein.

### Green Mountain Deposit Instrument No. 2

17.  A handwritten notation immediately below the copy of Green Mountain Deposit Instrument No. 1 in Exhibit 6 indicates that the remaining auction deposit balance of $2,000.00 was paid in cash.  At the present time, and in the absence of discovery and compulsory process, your Plaintiff is unable to provide any documentation or information concerning the provenance of said funds.

18.  Upon information and belief, your Plaintiff avers that all of the monies represented by Green Mountain Deposit Instrument No. 2 will prove to be property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang.  None of the monies evidenced by Green Mountain Deposit Instrument No. 2 will prove to be the property of the Defendants herein.  Nonetheless, Green Mountain Deposit Instrument No. 2 was applied in its entirety towards the purchase of Green Mountain by the Defendant Sibelius.

### Closing on the Purchase of Green Mountain

19.  Following the auction sale as described aforesaid, Covahey filed its *Report of Sale* with the Circuit Court for Howard County, Maryland.  Said *Report of Sale* ultimately was ratified by that Court on or about January 19, 2006.  (See copy of *Final Order of Ratification* attached hereto and incorporated by reference herein as "Exhibit

6

7").

20.  Closing ultimately was concluded on said sale on or about March 24, 2006 as appears by that executed *HUD-1 Settlement Statement* attached hereto and incorporated by reference herein as "Exhibit 8."

21.  The Defendant Sibelius tendered unto Covahey settlement proceeds in the amount of $96,904.88.  Said sum was tendered unto Covahey in the form of a Bank Wire Transfer from Enterprise Home Funding's SunTrust Account No. XXXXXXXXX2481 (hereinafter the "Enterprise Account") in the amount of $96,904.88 dated March 23, 2006 with the beneficiary listed as "Covahey Boozer Devan & Dore" (the "Green Mountain Settlement Instrument").[3]  A copy of the Green Mountain Settlement Instrument is attached hereto and incorporated by reference herein as "Exhibit 9."

22.  As shall be hereinafter described, all of the monies evidenced by the Green Mountain Settlement Instrument and the proceeds thereof are property of the Bankruptcy Estates of Minh Vu Hoang and Thanh Hoang.  None of the monies evidenced by the Green Mountain Settlement Instrument are property of the Defendants herein.  Nonetheless, the Green Mountain Settlement Instrument was applied in its entirety towards the purchase of Green Mountain.

### The Creation and Funding of the Enterprise Account

23.  On March 3, 2006, the Debtor Minh Vu Hoang caused said Enterprise Account to be opened in the name of Enterprise Home Funding (hereinafter "Enterprise").  As appears by reference to the *Business Account Signature Card and Deposit Account Resolution and Authorization for Business Entities,* collectively

---

[3] Pursuant to Bankruptcy Rule 9037 (a)(4), your Plaintiff/Trustee has redacted all identifying numbers for financial accounts referred to herein.

attached hereto and incorporated by reference herein as "Exhibit 10," the said Debtor

Minh Vu Hoang was sole signatory on the account.

24.  As appears by reference to the *Account Statement* (the "Enterprise

Statement") issued for the Enterprise Account for the period from March 3, 2006 through

March 31, 2006 (said Enterprise Statement being attached hereto and incorporated by

reference herein as "Exhibit 11"), the account was maintained by the Debtor Minh Vu

Hoang.[4]  During that period of its existence, specifically from March 20, 2006 through

March 23, 2006, there was deposited into the Enterprise Account the aggregate total of

$710,958.21 received from the sale proceeds of two parcels of real property owned by

Boswell General Partnership (hereinafter "Boswell") and Rocky, LLC (hereinafter

"Rocky").[5]  Notwithstanding that Enterprise had no ownership interest in any of said two

properties, proceeds of the sale of the same were diverted to the Enterprise Account in an

apparent attempt to secrete said proceeds from the ambit and grasp of the

Plaintiff/Trustee for proper administration in the above-captioned bankruptcy

proceedings.

**The Sale of Goldenwood Court – Proceeds Deposited into the Enterprise Account**

25.  On March 20, 2006, the Debtor Minh Vu Hoang caused to be deposited into

the Enterprise Account the sum of $335,212.00.  Said deposit was comprised of a single

wire transfer issued by *Heritage Title Services* (hereinafter "Heritage") dated March 20,

2006 in the amount of $335,212.00 payable to "Enterprise Home Funding."  See copy of

that *WireHouse-Message Details* attached hereto and incorporated by reference herein as

"Exhibit 12."

---

[4] The address on said Enterprise Statement is 9101 Clewerwall Drive, Bethesda, MD  20817, the residential address of the Debtor Minh Vu Hoang.
[5] Prior to the deposit received by the Enterprise Account on March 20, 2006 the available balance was $1,593.67.

26.  The wire described in the immediately preceding paragraph represents a purported mortgage payoff to Enterprise following the sale of that real property known and described as 9911 Goldenwood Court, Upper Marlboro, Maryland 20772 (hereinafter "Goldenwood Court") as appears by reference to that *HUD-1 Settlement Statement* prepared by Heritage and dated March 17, 2006.  A copy of said *HUD-1 Settlement Statement* is attached hereto and incorporated by reference herein as "Exhibit 13." Careful review of that *HUD-1 Settlement Statement* reveals line 504 and the "Payoff of first mortgage loan" to Enterprise in the amount of $335,212.00.

27.  Goldenwood Court was purchased at foreclosure sale by Rocky.  Rocky is a limited liability company organized under the laws of Maryland.  Rocky is a known alter-ego of the debtor Minh Vu Hoang.[6]

28.  Rocky paid cash at the settlement for the purchase of Goldenwood Court. See copies of those four checks tendered to Freidman & McFadyen, Substitute Trustees collectively attached hereto and incorporated herein as "Exhibit 14."

29.  An examination of said checks will reveal that they aggregate to the sum of $286,913.90.  This sum of $286,913.90 agrees with line 603, cash to seller, on that *HUD-1 Settlement Statement* prepared by Solaris Title and Escrow, LLC for the closing on the purchase of Goldenwood Court.  See a copy of said *HUD-1 Settlement Statement* attached hereto and incorporated herein by reference as "Exhibit 15."

---

[6] A search of the Maryland Department of Assessments and Taxation database reveals that the principal address for Rocky is 9115 Bradford Road, Silver Spring, Maryland 20817.  (Upon information and belief, the indicated zip code 20817 is incorrect).  This is the former residential address for Uy Thien Hoang, Minh Vu Hoang's son.  Said search also reveals that the resident agent is Minh Vu Hoang's daughter, Chau T. Hoang, with an address of 9101 Clewerwall Drive, Bethesda, Maryland  20817.  Said address is, as previously noted, the residential address of the Debtor Minh Vu Hoang.  Additionally, your Plaintiff/Trustee asks the Court to take judicial notice of those four previously filed adversary proceedings in which Rocky was named as a defendant therein.  They are Nos. 07-00189, 07-00222, 07-00610 and 08-00485.

30. Notwithstanding that Rocky paid cash for Goldenwood Court, and further notwithstanding that no mortgage or deed of trust from Rocky to Enterprise was recorded among the appropriate land records,[7] the Debtors and/or Defendants herein caused a substantial amount of the proceeds of the sale of Goldenwood Court to be diverted to Enterprise as a "payoff" of a nonexistent "first mortgage loan."

31. Your Plaintiff/Trustee avers that all of the proceeds from the sale of Goldenwood Court are property of the Bankruptcy Estates herein.

**The Sale of Governor Bradford Lane – Proceeds Deposited into the Enterprise Account**

32. On March 22, 2006, the Debtor Minh Vu Hoang further caused to be deposited into the Enterprise Account the sum of $375,746.21. Said deposit was comprised of two wires issued by *Express Financial Services, Inc.* dated March 22, 2006 in the amount of $250,000.00 and $125,746.21 payable to "Enterprise Home Funding." See copy of both of the wire *Transaction Detail Reports* collectively attached hereto and incorporated by reference herein as "Exhibit 16." Examination of said wire *Transaction Detail Reports* reveals thereon the "ORIG:" notation "Boswell G.P."

33. The two wires described in the immediately preceding paragraph represent settlement proceeds received by Boswell from its sale of that real property known and described as 8420 Governor Bradford Lane, Ellicott City, Maryland 21043 (hereinafter "Governor Bradford Lane") as appears by reference to that *HUD-1 Settlement Sheet* dated March 17, 2006 and *Express Financial Services, Inc's Final Disbursement Report*; a copy of which said *HUD-1 and Final Disbursement Report* are collectively attached

---

[7] A search of the Land Records of Prince George's County, Maryland reveals that no such mortgage or deed of trust from Rocky to Enterprise was recorded during that period of time from Rocky's purchase of Goldenwood on January 17, 2006 to Rocky's sale of same on March 17, 2006.

hereto and incorporated by reference herein as "Exhibit 17." Careful review of said *HUD-1 and Final Disbursement Report* reveals the notation "00018554-009" at the top of both thereof.

34. Boswell is a Maryland general partnership whose sole partners prior to commencement of these cases were the Debtors Minh Vu Hoang and/or Thanh Hoang and/or the siblings of the Debtor Minh Vu Hoang, Van T. Vu and Hao Q. Vu.[8]   In his capacity as Trustee, your Plaintiff Gary A. Rosen has succeeded to the ownership of all of the partnership interests in Boswell as formerly owned by the Debtors Minh Vu Hoang and Thanh Hoang. Further, the Plaintiff/Trustee has succeeded to all of the partnership interests in Boswell which heretofore may have been owned by the said Van T. Vu and Hao Q. Vu by virtue of that assignment made by them in connection with the settlement of the *Trustee 's Motion for Substantive Consolidation* heretofore approved by this Court in the Minh Case, the Thanh Case and the related cases of Van T. Vu (Case No. 05-26521) and Hao Q. Vu (Case No. 05-26765).

35. Notwithstanding that none of the ownership interest in Govenor Bradford Lane nor any of the partnership interests in Boswell were owned by Enterprise, all of the proceeds from the sale of Governor Bradford Lane were deposited into the Enterprise Account for the sole benefit of Enterprise to the detriment of the Estates

---

[8] Your Trustee's investigation has revealed three separate and inconsistent versions of the *Partnership Agreement* for Boswell. The first of those agreements dated September 10, 2004 notes that the partners of Boswell are Thanh Hoang as to a 10% interest and Van T. Vu as to a 90% interest therein. By a near identical form of *Partnership Agreement* dated October 7, 2004, the said Thanh Hoang and Van T. Vu again are named as the sole partners of Boswell, but in said latter agreement Thanh Hoang is denoted as a 90% partner and Van T. Vu is noted as a 10% partner therein. By a third *Partnership Agreement* dated September 15, 2004, Boswell is purported to be organized with Hao Vu and Van T Vu each as 45% partners therein and with the Debtor Minh Vu Hoang as a 10% partner "in case of profit." See copies of *Partnership Agreements* attached hereto and incorporated by reference herein as "Exhibits 18, 19 and 20," respectively.

herein.

### *Post-Closing Activities Regarding Green Mountain – The Altered Substitute Trustee's Deed*

36.   Contemporaneously with closing, Covahey was prepared to provide the Defendant Sibelius with a Substitute Trustee's Deed in form and content sufficient to effect change in the Land Records of Howard County, Maryland.  However, the Debtor Minh Vu Hoang, acting on behalf of Sibelius, declined the Substitute Trustee's Deed indicating the desire to substitute a purchaser at a later date.  See a copy of an email from Minh Vu Hoang to the Foreclosure Manager at Covahey dated March 24, 2006 which is attached hereto and incorporated by reference herein as "Exhibit 21."

37.   A review of the docket entries for the Green Mountain foreclosure case, the above described *Thomas P. Dore, et al., Substitute Trustees, Plaintiffs v. Elisabeth Skalli, Defendant* (Civil No. 13-C-05-63628 in the Circuit Court for Howard County, Maryland), reveals that no *Motion for Substitution of Purchaser* has been filed in those proceedings.

38.   Instead, after a lapse of nearly eighteen months after settlement, the Debtor Minh Vu Hoang and the Defendant Sibelius caused to be recorded a Substitute Trustee's Deed in the Land Records of Howard County, Maryland.  Said Deed (hereinafter the "Green Mountain Deed") was recorded on August 3, 2007 at Liber 10823, folio 520. Attached hereto and incorporated by reference herein as "Exhibit 22" is a copy of the recorded Greed Mountain Deed.[9]

39.   Upon information and belief, the Debtor Minh Vu Hoang and the Defendant Sibelius prepared and recorded the Green Mountain Deed which is actually a

---

[9] The State of Maryland Land Instrument Intake Sheet attached to the Deed is in handwriting that appears suspiciously similar to known examples of handwriting of the Debtor Minh Vu Hoang.

combination of a fabricated first page and an ***altered signature page*** from another

Substitute Trustee's Deed provided by Covahey to Cybele General Partnership[10] for the

real property known as 6707 Freeport Street, Riverdale, Maryland 20737.  (Hereinafter

the "Freeport Deed," attached hereto and incorporated by reference herein as "Exhibit

23.")

40.  A comparison of the altered signature page of the Green Mountain Deed with

the signature page of the Freeport Deed reveals the following changes: 1, the addendum

clause; 2, the tax identification number; 3, the notarization date; and 4, the certificate of

preparation.

### *The Sham Deed of Trust on Green Mountain*

41.  Notwithstanding that the entire purchase price for Green Mountain was paid

from funds belonging to the Bankruptcy Estates herein, the Debtors caused to be recorded

among the Land Records of Howard County, Maryland a *Purchase Money Deed of Trust*

(the *"Deed of Trust"*).  Said *Deed of Trust* is recorded among said Land Records at Liber

10823 folio 523 and is attached hereto and incorporated by reference herein as "Exhibit

24."  Said *Deed of Trust* recites that Green Mountain was purchased with the proceeds of

an alleged $105,000.00 loan to Defendant Sibelius from Defendant Purdie.

42.  While the mere existence of said *Deed of Trust* is remarkable in the context

of a purchase which manifestly was effected without outside financing, the form and

circumstances of said *Deed of Trust* further belie its integrity.  In that regard, your

Plaintiff/Trustee respectfully notes the following anomalies with respect to the same:

- Notwithstanding the requirements of Maryland Real Property Code

---

[10] Cybele General Partnership is the Debtor in Bankruptcy No. 05-90432 now pending before this Court. As the record of that proceeding will reflect, all of the equity in Cybele General Partnership is owned by the Debtors Minh Vu Hoang and Thanh Hoang.

§7-109, the *Deed of Trust* is bereft of an *Affidavit of Disbursement;* which said *Affidavit* usually takes the form of a separate or more extensive Notary Public's acknowledgment expressly including those elements required by Maryland Real Property Code §7-109.

- Once offered for record among the Land Records, legitimate mortgages and deeds of trust invariably provide mailing instructions requesting that the Clerk of the Circuit Court forward the original recorded instrument to the lender at the lender's business address. Review of the *Deed of Trust* reveals that the instruction thereon directs its return to the alleged Borrower, the Defendant Sibelius, at its stated address of (predictably) 9101 Clewerwall Drive, Bethesda, Maryland.

- Although the *Deed of Trust* was purportedly executed on March 24, 2006, it was not filed among the Land Records for Howard County, Maryland until August 3, 2007.

43.  Your Plaintiff/Trustee seeks the issuance by this Court of a declaration of ownership rights of the parties with respect to Green Mountain.

44.  Further, your Plaintiff/Trustee seeks authority from this Court permitting your Plaintiff/Trustee *pendente lite* to take possession and control of Green Mountain and to manage said property including the rental of the same.  Further, your Trustee seeks authority from this Court to market and list Green Mountain for sale and further authorizing your Plaintiff Trustee to consummate a sale of Green Mountain upon proper compliance with the provisions of the Bankruptcy Code and Rules of Procedure.

45.  Finally, in order to protect the interests of all parties, your Plaintiff/Trustee

seeks an Order requiring the Plaintiff/Trustee hereafter to account for all income and expenses related to Green Mountain and requiring him administratively to segregate all such funds pending this Court's final ruling on the merits of the instant litigation.

### Count I
### (Declaratory Relief)

46.  The allegations contained in Paragraphs 1 through 45, *supra,* hereby are incorporated by reference in the body of this Count I as if fully set forth herein.

47.  The instant case presents an actual controversy within the jurisdiction of this Court upon which this Court may declare the rights and other legal relations of the Plaintiff/Trustee and the Defendants Sibelius and Purdie with regard to the ownership and security interests of Green Mountain.

48.  As set forth aforesaid, the circumstances under which the Defendant Sibelius acquired title to Green Mountain render it inequitable for Sibelius to continue so to hold title against the interests of the Trustee and the Estates.

49.  Further, in light of the absence of any actual purchase money indebtedness which possibly could have been secured by the *Deed of Trust* and in consideration of the numerous irregularities with regard to the form of same, the *Deed of Trust* should be declared null and void and without legal force or effect.

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1.      DECLARE that Green Mountain is the lawful property of the Plaintiff/Trustee and the Bankruptcy Estates herein.

2.      IMPOSE a constructive trust upon Green Mountain for the exclusive benefit of the Plaintiff/Trustee and the Bankruptcy Estates herein..

3.      DECLARE that Defendants Sibelius and Purdie are without any legal right, title or interest in Green Mountain.

4.      DECLARE that the Trustee is entitled to all dominion and control over Green Mountain.

5.      DECLARE that the *Deed of Trust* is null and void and without legal force or effect.

6.      DECLARE that the *Deed of Trust* creates neither a lien nor an encumbrance upon Green Mountain and that the Plaintiff/Trustee's ownership, dominion and control over Green Mountain is without diminution by virtue of said *Deed of Trust*.

7.      ORDER such other and further relief as the nature of this cause and the interests of justice may require.

## Count II
## (Turnover of Property to the Estate)

50.  The allegations contained in Paragraphs 1 through 49, *supra,* hereby are incorporated by reference in the body of this Count II as if fully set forth herein.

51.  The property known as Green Mountain is the property of the Estates as defined in 11 U.S.C. §541 which the Plaintiff/Trustee may use, sell or lease pursuant to 11 U.S.C. § 363.  As such Defendants Sibelius and Purdie are obliged and should be required to deliver control of Green Mountain to the Plaintiff/Trustee and account for Green Mountain (including, *inter alia,* all rental or other income derived therefrom since March 24, 2006) or the value thereof pursuant to 11 U.S.C § 542(a).

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1.      ORDER that the Defendant Sibelius, and all persons acting in concert or

cooperation with it, deliver and turnover to the Plaintiff/Trustee all of its right, title and interest in and to Green Mountain including, *inter alia*, the execution and delivery to the Plaintiff/Trustee of a good and sufficient Deed to Green Mountain in form and content sufficient to effect change of record title thereto among the Land Records of Howard County, Maryland.

   2.      ORDER that the Defendant Sibelius be required by a date certain to provide to the Trustee and file herein a complete accounting of all income derived from March 24, 2006 to date for Green Mountain.

   3.      AUTHORIZE and DIRECT Gary A. Rosen, Trustee, *pendente lite*, to take possession of and manage Green Mountain, including the rental thereof; subject to the obligation of the Trustee to administratively segregate the funds derived from Green Mountain and to account for the same from time to time.

   4.      ORDER such other and further relief as the nature of this cause and the interests of justice may require.

### Count III
### (Sale Free and Clear)

52.  The allegations contained in Paragraphs 1 through 51, *supra,* hereby are incorporated by reference in the body of this Count III as if full set forth herein.

53.  Green Mountain constitutes property of the Estates.

54.  The purported interest of the Defendants Sibelius and Purdie in Green Mountain is in *bona fide* dispute as described aforesaid and as contemplated in 11 U.S.C. § 363(f)(4).

55.  Your Trustee desires to sell Green Mountain free of the interests of the Defendants Sibelius, Purdie and Concord.

56.  Your Trustee proposes to market and sell Green Mountain through the utilization of the local multiple listing services of an agent to be approved by this Court. Upon receipt of an offer acceptable to him, your Trustee proposes to provide *Notice* of his intended sale of Green Mountain as required by the provisions of 11 U.S.C. § 363(b) and the Bankruptcy Rules of Procedure.

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1.    AUTHORIZE the Plaintiff, Gary A. Rosen, Trustee, to sell Green Mountain free and clear of all interests of the Defendants with all such valid interests, if any, attaching to the net proceeds derived from the sale.

2.    AUTHORIZE the Plaintiff, Gary A. Rosen, Trustee, to list Green Mountain for sale with a multiple listing service through the offices of a real estate agent to be approved by this Court upon proper *Application* therefore by the Trustee with any sale subject to notice to all parties-in-interest and opportunity to object thereto as provided by the Bankruptcy Code and Rules of Procedure.

3.    ORDER such other and further relief as the nature of this cause and the interests of justice may require.

Respectfully submitted,

GARY A. ROSEN, CHARTERED


By:___*/s/ Gary A. Rosen*_____
         Gary A. Rosen
         One Church Street, Suite 802
         Rockville, Maryland 20850-4158
         Telephone (301) 251-0202
         grosen@covad.net

SCHLOSSBERG & ASSOCIATES


By:___*/s/ Roger Schlossberg*_____
       Roger Schlossberg
       134 West Washington Street
       P.O. Box 4227
       Hagerstown, Maryland 21741-4227
       Telephone (301) 739-8610

Attorneys for Trustee